IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN THE MATTER OF:

NAME:   Hubert Lee Wilson and
           Paula Jean Wilson                      CASE NO. 10-05205

                                                            CHAPTER 13

DEBTORS OBJECTION TO PROOF OF CLAIM #1 FILED BY
RJM ACQUISITIONS, LLC BY JEFFERSON CAPITAL SYSTEMS, LLC

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

**Pursuant to Local Standing Order, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files a written objection within thirty (30) days from the date of service of this paper. If you object to the relief requested in this paper, you must file a <u>written</u> objection stating the specific ground or grounds on which your objection is based with the Clerk of the Court at 201 St. Louis Street Mobile, Alabama 36602, and serve a copy on the movants' attorney, Richard E. Mather, 1008 Dauphin Street, Mobile, AL 36604.**

**If you file and service a written objection stating the specific ground or grounds on which your objection is based within the time permitted, the Court will schedule a hearing and you will be notified. IF YOU DO NOT FILE A PROPER WRITTEN OBJECTION WITHIN THE TIME PERMITTED, THE COURT WILL CONSIDER THAT YOU DO NOT OPPOSE THE GRANTING OF THE RELIEF REQUESTED IN THE PAPER, WILL PROCEED TO CONSIDER THE PAPER WITHOUT FURTHER NOTICE OR HEARING, AND MAY GRANT THE RELIEF REQUESTED.**

      **COME NOW** the above-named Debtors, by and through their attorney of record, Richard E. Mather, pursuant to Rule 3007 of the Rules of Bankruptcy Procedure and respectfully object to the Proof of Claim #1 filed in this case by Rjm Acquisitions, LLC by Jefferson Capital Systems LLC (hereinafter referred to as "Claimant") and in support hereof respectfully show unto the Court the following:

      1.    This case was commenced by the filing of a petition with the Clerk of this Court on November 8, 2010.

      2.    Claimant filed a Proof of Claim in the amount of $208.56.

      3.    The Claimant's claim is based upon a writing. The claim form and attached documents, if any, do not satisfy the mandatory requirements of FRBP 3001(c). The Proof of Claim was not executed and filed in accordance with Rule 3001(c). Claimant's claim lacks prima facie validity.

1

4. The claim is not supported by any written evidence of an enforceable agreement or a contract that establishes the debt between the debtor and creditor or between debtor and an alleged predecessor in interest.

5. The claim does not satisfy the requirements to prove the contents of a writing as set forth in 11 U.S.C. § 502(b)(1).

6. The Debtors object to the filing of the said Proof of Claim on the basis that the Proof of Claim was not supported by any written documents, notes, credit applications, account statements, or any other type of written or printed document.

7. The Debtors further objects to the amount of the debt. The claim fails to include a written statement of the account and fails to list interest and other charges along with payments made. Debtors demand proof of late fees, over limit fees, finance charges, attorney fees, interest, NSF check fees, phone payment fees, the interest rates used to compute the balance alleged on the Proof of Claim, an explanation and breakdown of the elements used in each of the calculations, and a copy of the agreement authorizing the interest, charges and fees that are included in the claim.

9. The claim was filed after the claims bar date had passed.

8. The Debtors further object to the filing of the Proof of Claim on the basis that it is barred by the statute of limitations.

**WHEREFORE,** the Debtors pray of the Court as follows:

A. That the Court direct the Chapter 13 Trustee to strike the claim of Claimant;

B. That Claimant be precluded from filing any amended, modified or substitute claim in this case;

C. That the claim should be entirely disallowed as it is barred by the statute of limitations even if the Claimant is able to correct the document deficiencies;

D. That the underlying debt be canceled and forever discharged whether or not the Debtors receive their Discharge Order in this case;

D. That the Debtors have such other and further relief as the Court may deem just and proper.

This the 11th day of September, 2014.

 /s/**RICHARD E. MATHER**
Richard E. Mather
Attorney for the Debtor Hubert Wilson
1008 Dauphin Street
Mobile, Alabama  36604
(251) 432-2580 Telephone
(251) 432-2503 Facsimile
rmather@richardmather.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 11th day of September, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served notification of such filing to the following via U.S mail.

Jefferson Capital Systems, LLC
P.O. Box 7999
St. Cloud, MN  56302

 /s/**RICHARD E. MATHER**
OF COUNSEL